Kinsey C. J.
in delivering his opinion observed that Bac. Abr. title execution letter %. (a) had been cited to prove that on a reversal of a judgment, a term sold under it shall not be restored to the defendant, but he shall receive only the money for which it was sold. I do not mean to question the soundness of this doctrine, but merely to deny its application to the present case. It is highly reasonable that an officer who acts in pursuance of the direction of a court of competent authorty, and sells property under an execution, and the purchaser at such a sale, should be protected, and not made to suffer from the wrongful behaviour of others. This was the design and tendency of the law which has been cited; but we cannot say from that decision, that the defendant who has thus been injured and despoiled of his property under the colour of legal process, may not have an action against the party, and recover from him the real damages which he has sustained. Lord Mansjieldm the case of Cooper v. Chitty (b) makes a distinction between parties and third persons. In Westerne v. Creswick (c) and 3 Lilly’s abr. tit. Officer, the same distinction is made. The case in Bacon amounts to no more, than that on the reversal of a judgment, the defendant shall have restoration of the sum for which his property was sold; but it does not conclude against the parties right of action against the person who has occasioned the injury, and to recover the whole amount of the damage which he has sustained, by an erroneous judgment and execution.
The words used in the judgment of reversal are, that the defendant “ shall be restored to all he has lost by occasion of the judgment:” and this is and ought to be the measure of damage. It has been said that the case of Westerne v. Creswick was a case of irregularity, in which the judgment having been set aside, the plaintiff was not protected, but would, be considered as a tort-feazor; whereas on a reversal for error, it being the act of the court he is not to pay beyond his receipt. It would appear from Finer title Error and 5 Com. Dig. title Pleader 725. 3 B. 20. that this case was in error, or if not that the consequence,, as to the defendant’s right to re *161 cover damages proportionate to the injury received, is the same in either case.
Rut again, should I be wrong in this view of the case, I apprehend the plaintiff in Certiorari cannot defend himself under this plea of reversal for error. His judgment, at the time was not reversed for error, but suspended by appeal upon the facts, and every act done under it pending the appeal was absolutely void; because no judgment exists as on a removal by writ of error, but the judgment, is that which the court of appeal pronounces de novo, Allen v. Dundas (a) Packman's Case (b) Phillips v. Biron (c) Comyns Rep. 150. (d) The court of appeal by giving judgment for the appellant, do away the first j udgment: it is as if it had never been, because the court above render judgment upon facts, and decide that the plaintiff below had no merits in Ms case. I think the judgment should be affirmed.
Smith J. concurred.
Chetwood J. dissented.

 2 Vol. 740.

 l Burr, 30, 34.

 Mod. 161.

а) 3 T. R, 125, 129.

 6 Co. 19.

 1 Str. 509.

 Note. — The authority of this case in Comyns has beep Questioned in Allen v. Dundas, 3 T. R. 125.